UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROCKY THOMAS TRAVERSIE, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW STARR, MATTHEW HANISCH, DAVE DUNTEMAN, and SIOUX FALLS POLICE DEPARTMENT, <br><br> Defendants. | 4:16-CV-04142-KES <br><br><br> ORDER DIRECTING SERVICE |

**INTRODUCTION**

Plaintiff, Rocky Thomas Traversie, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. For the following reasons, the court directs service of Traversie's complaint.

**FACTUAL BACKGROUND**

Traversie alleges that he was unarmed and was not running away or attacking anybody when he was attacked by defendants on February 5, 2014. Docket 1 at 4. Matthew Starr, Matthew Hanisch, and Dave Dunteman are police officers who allegedly attacked Traversie. *Id.* Starr and Hanisch allegedly hit Traversie on the top of the head with batons, splitting his head open. *Id.* Both officers hit Traversie while he was on the ground and another officer was hitting and kicking him. *Id.* Dunteman drew his weapon and told Traversie to

"put it down" then kicked Traversie and jumped on his midsection with his knee. *Id*. Traversie alleges that as a result of the beating he received nine staples for his head wound, his left hand was broken, and both hands swelled. *Id*. He also suffered mental and emotional injury. *Id*.

On September 28, Traversie filed this complaint, claiming Starr, Hanisch, and Dunteman all used excessive force against him. *Id*. In relief, Traversie requests compensation for mental anguish and his physical injuries. *Id*. at 7. He also requests punitive damages. *Id*.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

### A.   Police Department

Traversie seeks to impose liability on the Sioux Falls Police Department for the conduct of the three police officers. A local governmental entity, however, may not be held liable under § 1983 under a theory of respondeat superior. *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). A plaintiff seeking to establish a claim against a local governmental entity must show that an official policy or custom caused him to suffer a constitutional harm. *Kinman v. Omaha Pub. Sch. Dist.*, 94 F.3d 463, 467 (8th Cir. 1996). Traversie has not made this showing. Therefore, his claim against the Sioux Falls Police Department is dismissed.

### B.   Excessive Force Claims

Traversie claims defendants Starr, Hanisch, and Dunteman violated his constitutional rights by using excessive force against him. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of

force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Eighth Circuit Court of Appeals has recognized different scenarios in which an excessive force claim may arise, differentiating by looking at when in the criminal process the force was used. Where the excessive force claim arises during the arrest, it invokes the protections of the Fourth Amendment. *McKenney v. Harrison*, 635 F.3d 354, 359 (8th Cir. 2011). Therefore, the court analyzes Traversie's excessive force claim using the Fourth Amendment framework.

"To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). Whether a use of force was objectively reasonable is determined "by balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *McKenney*, 635 F.3d at 359 (internal quotations omitted). "The reasonableness of a use of force depends on the particular facts and circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012). "A court may also evaluate the extent of the suspect's injuries as well as standard police procedures." *Mann v. Yarnell*, 497 F.3d 822, 826 (8th Cir. 2007) (internal citation omitted).

Traversie's complaint does not state any facts about a crime he was committing or suspected of committing. He does, however, state that he did not pose a threat to the police officers because he was unarmed and not attempting to attack anyone. Docket 1 at 4. He further alleges that he was not fleeing. *Id.* Finally, Traversie alleges extensive injuries: a head wound that required nine staples to heal and a broken hand. *Id.* Therefore, the court finds Traversie states a claim of excessive force under the Fourth Amendment.

Thus, it is ORDERED

1. Traversie's Fourth Amendment claims against Starr, Hanisch, and Dunteman survive screening under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. The Clerk shall send blank summons forms to Traversie so he may cause the summons and complaint to be served upon defendants Starr, Hanisch, and Dunteman.

3. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Traversie. All costs of service shall be advanced by the United States.

4. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

5. Traversie will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further

5

      pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

6. Traversie will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated December 15, 2016.

                                BY THE COURT:
                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE